UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

R.S., *et al.*,

        Plaintiffs,

 -against-          1:17-CV-501 (LEK/CFH)

Board of Education Shenendehowa
Central School District, *et al.*,

        Defendants.

# DECISION AND ORDER

## I. INTRODUCTION

Pro se plaintiffs R.S. and E.S. commenced this action on behalf of their minor son, A.S., alleging violations of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, and several provisions of New York law. Dkt. No. 1 ("Complaint); see also Dkt. No. 10 ("Amended Complaint"). Presently before the Court is Plaintiffs' motion for a preliminary injunction. Dkt. No. 27 ("Motion"). For the reasons that follow, the Motion is denied.

## II. LEGAL STANDARD

Preliminary injunctions are "one of the most drastic tools in the arsenal of judicial remedies," and should be granted with great care. Grand River Enter. Six Nations, Ltd. v. Pryor, 481 F.3d 60, 66 (2d Cir. 2007). "A plaintiff seeking a preliminary injunction must establish that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest." Stagg P.C. v. U.S. Dep't of State, 673 F. App'x 93, 95 (2d Cir. 2016) (citing

Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)). A court "has wide discretion in determining whether to grant a preliminary injunction." Grand River Enter., 481 F.3d at 66 (quoting Moore v. Consol. Edison Co. of N.Y., 409 F.3d 506, 511 (2d Cir. 2005)).

## III. DISCUSSION

A.S. is a six year old boy with Autism Spectrum Disorder ("ASD"). Am. Compl. ¶ 1. In their Amended Complaint, Plaintiffs allege that Defendants have failed to provide A.S. with a free appropriate public education as required by the IDEA and state law. E.g., id. ¶¶ 55–59. Plaintiffs seek various forms of injunctive and declaratory relief, including an order that Defendants provide specific educational services to A.S. and reimburse Plaintiffs for expenses they incurred to obtain services and therapies for A.S. that Defendants did not offer. Id. ¶¶ 119–24. Presently, the parties appear to be negotiating the terms of A.S.'s individualized education plan ("IEP"). Mot. at 4–5.

On August 2, 2017, Plaintiffs moved for a preliminary injunction requiring Defendants to pay "all costs associated with a relocation to Newton, MA to enroll [A.S.] in the Newton Public School District[,] a school district that offers a full continuum of services to [A.S.] and guarantees a full inclusion environment with the supports he will need to be successful." Id. at 5 (citations omitted). Specifically, Plaintiffs request payment for "reasonable increases in cost of living, all rent increases necessary to be enrolled in the Newton Public Schools-School District[,] and income and benefits lost . . . as a result of relocation." Id. They seek immediate relief because "[i]t is necessary to relocate to [the] new area of residence by 8/15/2017 so [they] can be unpacked and settled in prior to the first day of school." Id. at 6.

Plaintiffs argue they will suffer two forms of irreparable harm if the Court does not order the requested relief. First, A.S. "will likely suffer irreparable damages to his expressive language abilities and conversational skills if he does not have access to a full inclusion classroom at a school district, such as Newton Public School District, that offers a full continuum of services." Id. Second, Plaintiffs allege they will "suffer irreparable financial damage if they relocate" to Newton in the form of lost income and higher living costs. Id. at 7. Plaintiffs estimate they would suffer damages of approximately $5,500 to $7,000 per month, which would be "financially devastating." Id. The Court addresses each of these claims below.

**A. Financial Harm**

As a general matter, financial injury does not constitute an irreparable loss. Brenntag Int'l Chemicals, Inc. v. Bank of India, 175 F.3d 245, 249 (2d Cir. 1999). This is "because monetary injury can be estimated and compensated." Id. "The Second Circuit has held that an exception exists to this general rule and that the finding of irreparable harm may lie in connection with an action for money damages where the claim involves an obligation owed by an insolvent or a party on the brink of insolvency." Xiotech Corp. v. Express Data Prod. Corp., No. 13-CV-861, 2013 WL 4425130, at *3 (N.D.N.Y. Aug. 14, 2013) (citing CRP/Extell Parcel I, L.P. v.. Cuomo, 394 F. App'x 779, 781–82 (2d Cir. 2010)); see also PA Realty Grp., LLC v. Hornbeck, No. 16-CV-630, 2016 WL 2944155, at *2 (D. Conn. May 20, 2016) ("But a financial injury constitutes irreparable harm only when 'there is a substantial likelihood that the judgment will be uncollectible, so the parties cannot be returned to the positions previously occupied.'" (quoting SEC v. Princeton Econ. Int'l Ltd., 73 F. Supp. 2d 420, 425 (S.D.N.Y. 1999))). Plaintiffs do not claim there is a substantial likelihood—or even a remote possibility—that New York State or the

District will be unable to pay any monetary damages they may owe when this litigation concludes. Therefore, Plaintiffs' claim that they will suffer lost income and higher costs of living if they relocate to Newton does not constitute irreparable harm and cannot support the issuance of a preliminary injunction.

### B. Educational Harm

The question of whether A.S. will suffer irreparable developmental harm if he is denied the services Plaintiffs seek is a more challenging question. Without a fuller record, the Court is wary to assess A.S.'s educational needs or to determine what services he is entitled to under the IDEA. Nonetheless, even assuming that A.S. will suffer irreparable harm if he is not provided the services offered in Newton, Plaintiffs have failed to demonstrate they are sufficiently "likely to succeed on the merits" to justify the dramatic relief they seek. Stagg, 673 F. App'x at 95.

It is well-established that prevailing parents may be entitled to tuition reimbursement under the IDEA in certain situations. Sch. Comm. of Town of Burlington, Mass. v. Dept. of Educ. of the Commonwealth of Mass., 471 U.S. 359, 369 (1985); see also Florence Cnty. Sch. Dist. Four v. Carter, 510 U.S. 7, 15–16 (1993) (holding that reimbursement may be available even when parents unilaterally change a child's placement without the consent of school officials). But is also clear that the IDEA does not oblige States to cover non-educational expenses. See King v. Pine Plains Cent. Sch. Dist., 918 F. Supp. 772, 778 (S.D.N.Y. 1996) ("[T]he school district must cover the cost of special education and related services, as defined at 20 U.S.C. § 1401(a)(16)–(17), but need not fund medical treatment or other non-educational expenses."). Additionally, the Second Circuit has held that "monetary damages are not available

under the IDEA." Polera v. Bd. of Educ. of Newburgh Enlarged City Sch. Dist., 288 F.3d 478, 483, 486 (2d Cir. 2002).

Plaintiffs offer no authority to support their argument that Defendants are responsible for non-educational costs associated with parents relocating to another State to obtain educational services for their disabled child. Nor have they established that the educational program offered by the Newton Public Schools cannot be obtained in New York State. Because the IDEA does not require school districts to pay for non-educational expenses and does not permit money damages, the Court doubts Plaintiffs can establish they are entitled to the injunction they seek.

With respect to their request that Defendants cover the costs associated with Plaintiffs relocating to Newton, Massachusetts, the Court concludes that Plaintiffs have failed to demonstrate a likelihood of success on the merits. Stagg, 673 F. App'x at 95. Therefore, Plaintiffs' Motion is denied.[1]

**C. Defendants' Answer**

In their Motion, Plaintiffs assert that their dispute with Defendants "has exceeded fourteen months" and that "[a]n entire school year has passed since the[ir] original due process complaint was filed" with Defendants. Mot. at 1–2. They also argue that A.S. "received no services from [defendant Board of Education Shenendehowa Central School District] for the entire 2016–2017 school year and none were offered in [A.S.'s] Least Restrictive Environment." Id. at 2.

---

[1] Nothing in this Decision and Order should be construed as an assessment of Plaintiffs' underlying claims in the Amended Complaint, which will be addressed in due time.

Plaintiffs commenced this action nearly three months ago, on May 9, 2017. Compl. In late July, the Court granted Defendants' request for an extension of time to respond to the Amended Complaint. Dkt. No. 22, 26. Presently, Defendants' response is due on September 11, 2017. Dkt. No. 22, 26. In light of the fact that the parties have apparently been unable to negotiate a mutually acceptable IEP, Mot. at 4–5, and that the new school year begins in a matter of weeks, the Court concludes that Defendants' must respond to the Amended Complaint sooner than previously ordered. Therefore, Defendants are ordered to submit their responsive pleadings within seven days.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiffs' motion for a preliminary injunction (Dkt. No. 27) is **DENIED**; and it is further

**ORDERED**, that Defendants are ordered to submit their responsive pleadings within **seven days** of this Decision and Order; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

DATED:   August 07, 2017
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge