UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

A.S., *et al.*,

                              Plaintiffs,

        -against-                                1:17-CV-0501 (LEK/CFH)

BOARD OF EDUCATION
SHENENDEHOWA CENTRAL SCHOOL
DISTRICT, *et al.*,

                              Defendants.

_____

## DECISION AND ORDER

### I.      INTRODUCTION

Pro se plaintiffs R.S. and E.S. have brought this action individually and on behalf of their

son, A.S., against Shenendehowa Central School District Board of Education ("District") and

MaryEllen Elia, commissioner of the State University of New York (collectively, "Defendants").

Dkt. Nos. 1 ("Complaint"); 10 ("First Amended Complaint"); 76 ("Second Amended

Complaint"). On February 20, 2019, the Court granted summary judgment to Defendants on all

of Plaintiffs' claims and dismissed the action. Dkt. No. 95 ("2019 Memorandum-Decision and

Order"). The Clerk of the Court entered judgment in favor of Defendants and dismissed the case

that same day. Dkt. No. 96 ("Judgment"). The period in which to file a timely appeal expired

thirty days later. On June 20, 2019, E.S. moved the Court to reopen the time to appeal pursuant to

Federal Rule of Appellate Procedure ("FRAP") 4(a)(6). Dkt. Nos. 97 ("Motion to Reopen"); 97-1

("E.S.'s Memorandum"); 97-2 ("Pro Se CM/ECF Registration Form"); 104 ("E.S. Declaration");

105 ("R.S. Declaration").[1] E.S. asserts she did not receive notice of the 2019 Memorandum-Decision and Order and the Judgment until June 14, 2019 when she obtained copies of them from the courthouse. E.S.'s Mem. at 10; E.S. Decl. ¶ 11. And, for his part, R.S. affirms he never provided E.S. notice or copies of the 2019 Memorandum-Decision and Order and the Judgment even though he received notice and copies of them. R.S. Decl. ¶¶ 8–9. Defendants oppose E.S.'s Motion to Reopen. Dkt. Nos. 98 ("Elia Opposition"); 99 ("District Opposition").

For the reasons that follow, E.S.'s Motion to Reopen is granted.

## II.  DISCUSSION

As another Court in this district has observed: "Rule 4(a)(1) of the Federal Rules of Appellate Procedure provides . . . that a notice of appeal in a civil action must be filed with the district court clerk within 30 days 'after entry of the judgment or order appealed from.'" Dickinson v. New York State Comm'n of Correction, No. 16-CV-898, 2017 WL 2493446, at *1 (N.D.N.Y. June 9, 2017) (quoting Fed. R. App. P. 4(a)(1)). FRAP 4(a)(6), which provides an exception to this requirement, states:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice

---

[1]  While R.S. also signed E.S.'s Memorandum, the Court construes the brief to pertain only to E.S. since, as described in more detail below, R.S.—rather than E.S.—received timely notice of the 2019 Memorandum-Decision and Order.

under Federal Rule of Civil Procedure 77(d) of the entry,
whichever is earlier; and

(C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6)(A)–(C).

Defendants claim E.S. received timely notice of the 2019 Memorandum-Decision and

Order and the Judgment when the Clerk of the Court emailed those items to

"motherandfatherobochild@gmail.com." Elia Opp'n at 1; District Opp'n at 1. This is an email

address R.S. created on May 31, 2017 to receive CM/ECF[2] notifications pertaining to this action.

See Pro Se CM/ECF Registration Form. E.S. does not dispute that the Clerk of the Court emailed

notice of the 2019 Memorandum-Decision and Order and the Judgment to

motherandfatherobochild@gmail.com once they were docketed. Rather, E.S. attests she did not

have access to the motherandfatherobochild@gmail.com account and so did not receive notice of

those docket entries. E.S. Decl. ¶ 5. She also affirms that, unlike R.S., she never consented to

receiving electronic notifications from the Court. See id. ¶¶ 3–4, 6–9.

To determine whether E.S. did receive timely notice of the 2019 Memorandum-Decision

and Order and the Judgment, the Court must first determine whether she received notice in

accordance with Federal Rule of Civil Procedure ("FRCP") 77(d). FRCP 77(d) provides in

pertinent part that "immediately after entering an order or judgment, the clerk must serve notice

of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear."

Fed. R. Civ. P. 77(d)(1). FRCP 5(b) in turn states that a paper may be served by "sending it to a

registered user by filing it with the court's electronic-filing system or sending it by other

---

[2] CM/ECF refers to the Court's electronic filing system.

electronic means that the person consented to in writing." Fed. R. Civ. P 5(b)(2)(E). Because E.S. never registered for CM/ECF, never consented to receiving court filings through other electronic means, and did not receive notice of the 2019 Memorandum-Decision and Order and the Judgment until nearly four months after they were issued, E.S. did not receive timely notice of those items for the purposes of FRAP 4(a)(6)(A).

The District argues that the Court should presume E.S. received notice of the 2019 Memorandum-Decision and Order and the Judgment because "[p]apers filed on behalf of Plaintiffs throughout and in connection with this action have been filed by the two parents, as joint plaintiffs on behalf of their infant child" through motherandfatherobochild@gmail.com. District Opp'n at 2. But even if one could infer from E.S. and R.S.s' joint filings that E.S. should have received timely notice of the 2019 Memorandum-Decision and Order and the Judgment, "this presumption of receipt can be rebutted by a 'specific factual denial of receipt.'" See Bourgal v. Robco Contracting Enters., Ltd., 17 F. Supp. 2d 129, 132 (E.D.N.Y. 1998) (quoting Nunley v. City of Los Angeles, 52 F.3d 792, 796 (9th Cir. 1995)). Here, E.S. has rebutted the presumption that she received notice of the 2019 Memorandum-Decision and Order by attesting to the fact that she did not have access to the motherandfatherobochild@gmail.com account. Consequently, the Court still finds E.S. has satisfied the first prong of the FRAP 4(a)(6) analysis.

Regarding FRAP 4(a)(6)(B), E.S. filed her Motion to Reopen on June 20, 2019, which was within fourteen days of receiving notice of the 2019 Memorandum-Decision and Order and the Judgment. Mot. to Reopen. E.S. also filed her Motion to Reopen within one-hundred-and-eighty days after the 2019 Memorandum-Decision and Order and the Judgment were entered. Id. Thus, E.S. has satisfied the second prong of FRAP 4(a)(6).

As for FRAP 4(a)(6)(C), the District argues it "would be prejudiced in this matter, having to spend the time and expense of continuing to litigate this matter." District Opp'n at 2. Yet when "there is no prejudice [to a party] beyond the normal risks and costs of opposing an appeal," FRAP 4(a)(6)(C) is satisfied. King v. Fox, No. 97-CV-4134, 2000 WL 1876904, at *2 (S.D.N.Y. Dec. 22, 2000) ("By 'prejudice' the Committee means some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal." (quoting 1991 Note of the Advisory Committee on Appellate Rules)). Hence, the Court finds E.S. has satisfied the third prong of the FRAP 4(a)(6) analysis since Defendants have not identified any prejudice they may suffer beyond the usual risks and costs of opposing E.S.'s appeal.

The Second Circuit has observed that a district court may still deny relief under FRAP 4(a)(6) "even if the requirements [of the rule] are met." Zavalidroga v. Cuomo, 588 F. App'x 61, 62 (2d Cir. 2014) (internal quotation marks omitted). Elia argues that even if E.S. satisfied the three requirements of FRAP 4(a)(6), the Court should still deny E.S.'s Motion to Reopen because "the fault of E.S in not receiving notice of the Decision and Judgment in this case lies with her and with her husband . . . . Plaintiffs make no attempt whatsoever to explain why R.S. did not tell E.S. about the Court's Decision and Judgment." Elia Opp'n at 1–2 (citing WorldCom, Inc., 708 F.3d at 336). While WorldCom did hold that "at a minimum, a district court exercising discretion under Rule 4(a)(6) should give substantial weight to indications that the failure of receipt was the litigant's fault," 708 F.3d at 338, the case is not applicable to the facts of this case. In WorldCom, the attorney for the party moving under FRAP 4(a)(6) had failed to update his contact information. 708 F.3d at 340. The court held that party's "failure to receive Civil Rule

5

77(d) notice was entirely and indefensibly a problem of its counsel's making, and Rule 4(a)(6) was not designed to reward such negligence." Id. at 340. Unlike the attorney in WorldCom, however, E.S. is a pro se, rather than professional, litigant. While E.S. should have updated her contact information with the Court so that she could receive timely notice of docket entries, her transgression does not warrant denial of her Motion to Reopen. See Marks v. Askew, No. 11-CV-3851, 2013 WL 772657, at *2 (N.D. Cal. Feb. 28, 2013) (concluding that a pro se plaintiff's failure to update her address per the court's local rules is "an insufficient basis" to deny the plaintiff's FRAP 4(a)(6) motion); see also LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) ("[P]ro se plaintiffs should be granted special leniency regarding procedural matters.") Furthermore, Elia does not cite to any case law or rule indicating R.S. was required to tell E.S. about the 2019 Memorandum-Decision and Order and the Judgment. Therefore, the Court does not find Elia has adequately explained why E.S. and R.S. were at fault for E.S. not receiving notice of the 2019 Memorandum-Decision and Order and the Judgment.

III.    **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that E.S.'s Motion to Reopen (Dkt. No. 97) is **GRANTED**; and it is further

**ORDERED**, that, pursuant to FRAP 4(a)(6), E.S. must file her appeal of the 2019 Memorandum-Decision and Order and the Judgment with the Court within **fourteen** days of this Decision and Order; and it is further

**ORDERED**, that the Clerk of the Court send notice of this Decision and Order and all future docket entries to E.S. at her address on file with the Court. The Clerk shall serve a copy of this Decision and Order on all other parties in accordance with the Local Rules; and it is further

**ORDERED**, that if E.S. would like to change the way she receives docket notifications in this case then she should promptly so notify the Court in writing.

**IT IS SO ORDERED.**

DATED:      March 16, 2020
            Albany, New York


Lawrence E. Kahn
U.S. District Judge